(121 App. Div. 517.)

## McHUGH v. INTER–STATE PAVING CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

> A pedestrian on a street injured by stepping in the trench from which the curbstones have been taken up is barred from recovery by contributory negligence, she knowing that the place was pulled up, and that the curbstones were on the sidewalk, and she, according to her testimony. having walked only "a little carefully," and not having noticed where she was stepping; she being required literally to pick her steps.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1677.]

Appeal from Trial Term, Kings County.

Action by Maria McHugh against the Inter-State Paving Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Edward C. Rice, for appellant.

Leonard J. Reynolds (Christian J. Bode, on the brief), for respondent.

GAYNOR, J.   The defendant was repairing Bushwick avenue under a contract with the city. The old pavement and the curb stones

had been torn up, and this was the condition at the corner of Cooper street where the plaintiff claims to have been hurt. The street was littered with material. The plaintiff testified in answer to her counsel: "I knew the place was pulled up; all the stones and everything was pulled up; all the stones and the curbs were strewn upon the sidewalk." She came through the litter across Bushwick avenue to get back to her home in Cooper street. As she went to step up from the street to the sidewalk she stepped into the trench or line where the curb had set before it was taken up, and hurt herself. It was about six inches wide and a foot deep. Although she knew the curb had been taken up, and saw it lying along the sidewalk, she did not take the necessary care to keep out of the place where it had set. Being asked by her counsel if she took notice of where she was going and how she was stepping, she answered:

"No; I just walked careful, for I knew the place was torn up, you know. I didn't mind anything. Q. You said you walked carefully? A. A little carefully; yes."

This is all there is on that head. It falls far short of showing that she exercised the care required by law. Knowing that the street was pulled up and littered, she had to prove that she exercised extra examination and care. The rule that she might presume there were no holes or defects did not apply. The law required her literally to pick her steps. It was night, but the street was lighted with electricity. A verdict should have been directed for the defendant.

The judgment should be reversed.

Judgment and order reversed and new trial granted; costs to abide the event. All concur.